# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 18-cr-447-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **TRANQUILITY JOSIANE BALLENGER**,

    Defendant.

## ORDER REJECTING PLEA AGREEMENT

This matter is before the Court on Defendant's Plea Agreement. (ECF No. 76.) Pursuant to Federal Rule of Criminal Procedure 11(b), the Court accepted Defendant's guilty plea to Count 1 of the Information (ECF No. 73). (*See* ECF No. 75.) However, plea *agreements* are governed separately under Rule 11(c). *See United States v. Hyde*, 520 U.S. 670, 674 (1997) (under Rule 11, "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time"). By separate order following the change-of-plea hearing, the Court announced, "The Parties are advised that I am expressly deferring the decision on whether to accept the Plea Agreement until I have the opportunity to review the Presentence Investigation Report prepared on the Defendant. By way of separate order, the Parties will be advised of my decision." (ECF No. 82.) This is that order. And, for the reasons explained below, the Court rejects the Plea Agreement.

## I. BACKGROUND

The Indictment, which is dated September 27, 2018, charges Defendant with distribution, and possession with intent to distribute, five or more grams of actual methamphetamine and fifty or more grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) ("Count 1"); and conspiracy to do the same, along with co-defendant Samuel Proctor, in violation of 21 U.S.C. § 846 ("Count 3"). (ECF No. 1.)[1]

Defendant was arrested on October 2, 2018 (ECF No. 5), arraigned on October 5, 2018, and pleaded not guilty (ECF No. 11). She was released later that same day on a personal recognizance bond. (ECF No. 13.)

On March 15, 2019, Defendant filed a Notice of Disposition and requested a change-of-plea hearing. (ECF No. 62.) The Court set a change-of-plea hearing for April 25, 2019. (ECF No. 64.) The Court, however, received and reviewed the Plea Agreement ahead of that hearing. (*See id.*) The major points of the Plea Agreement are:

- Defendant pleads guilty to a single-count Information, filed on the same day as the change-of-plea hearing, charging Defendant with conspiracy (Proctor being the co-conspirator) to distribute and possess with intent to distribute methamphetamine and a mixture and substance containing methamphetamine. (ECF No. 73 at 1; ECF No. 76 at 1.) The most significant difference between this charge and the conspiracy charge in the Indictment (Count 3) is that the Indictment links the conspiracy to a

---
[1] Count 2 is directed solely at Proctor.

violation of 21 U.S.C. § 841(b)(1)(B)(viii), which carries a five-year mandatory minimum sentence, whereas the Information's version of conspiracy pleads 21 U.S.C. § 841(b)(1)(C) as the underlying substantive offense, which contains no mandatory minimum in the circumstances presented here.

- In exchange for pleading guilty to the conspiracy charge in the Information, the Government agrees to dismiss Defendant from the Indictment. (ECF No. 76 at 1.)
- The parties "jointly recommend [to the Court] a period of confinement of time served [*i.e.*, four days], with 3 years of supervised release to follow." (*Id.* at 2.)

The Plea Agreement's preliminary sentencing calculation estimated an offense level of 12 and a criminal history category of VI, for an advisory sentencing range of 30–37 months. (*Id.* at 7–8.) The Plea Agreement also stated "the parties['] understand[ing] that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose" a sentence below, within, or above the advisory guideline range (up to the statutory maximum). (*Id.* at 9.)

The change-of-plea hearing took place on April 25, 2019, as scheduled. (ECF No. 75.) As already noted, the Court accepted Defendant's plea but later advised the parties that it reserved ruling on whether it would accept the Plea Agreement. (ECF No. 82.)

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure contemplate three types of bargains

3

the Government will offer:

> [T]he plea agreement may specify that an attorney for the government will:
>
> (A) not bring, or will move to dismiss, other charges;
>
> (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1). For simplicity, the Court will refer to these three types of bargain as Types A, B, and C, respectively.

"To the extent the plea agreement is of [Types A or C], the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). And, "[t]o the extent the plea agreement is of [Type B], the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B).

The Plea Agreement at issue here is what the Tenth Circuit calls a "hybrid bargain[]," *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995), because it contains a Type A provision (substitution of the Information for the Indictment) and a Type B provision (a recommendation of time served). The inclusion of a Type A bargain authorizes the Court to "accept the agreement, reject it, or defer a decision until the

4

court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). Whether to do so "is left to the discretion of the individual trial judge." Fed. R. Crim. P. 11(e) advisory committee note to 1974 amendments.[2] "While the procedures of Rule 11 are largely for the protection of criminal defendants, Rule 11 also contemplates the rejection of a negotiated plea when the district court believes that bargain is too lenient, or otherwise not in the public interest." *United States v. Carrigan*, 778 F.2d 1454, 1461–62 (10th Cir. 1985) (internal quotation marks omitted; alterations incorporated).

### III. ANALYSIS

The Presentence Investigation Report agrees with the Plea Agreement that Defendant's criminal history category is VI (ECF No. 87 ¶ 52), but calculates the total offense level as 19, not 12 (*id.* ¶ 29). This produces an advisory sentencing range of 63–78 months. (*Id.* ¶ 106.) Defendant argues that she is entitled to a 4-level decrease due to her minimal role in the offense. (ECF No. 84 ¶ 11.) If the Court were to accept that argument and reduce the total offense level to 15, the advisory sentencing range would be 41–51 months. *See* https://www.ussc.gov/guidelines/2018-guidelines-manual/annotated-2018-chapter-5. Finally, the median sentence handed down to a category VI offender (not classified as a career offender) when being sentenced under Guidelines § 2D1.1 (which applies here), is 96 months as of federal fiscal year 2017 (the most recent year for which this statistic is readily available). *See* United States Sentencing Commission, "Sentence Length for Offenders in Each Criminal History Category by Primary Sentencing Guideline," *at* https://isb.ussc.gov/api/repos/:USSC:table_xx.xcdf/generatedContent?table_num=Table14AG (last accessed Oct. 11, 2019).

---

[2] What is now Rule 11(c) was previously codified at Rule 11(e).

The recommended sentence of time served plus three years of supervised release would be an extreme and unwarranted departure from the norm for persons similarly situated to Defendant. The Government defends this recommendation as follows:

> . . . Defendant's substantial addiction to drugs led her to be in a position to be manipulated by many, many men in her life—including all the men involved in this charged matter. It is not often that the United States does not seek confinement, but here, [Defendant] has shown remarkable determination to turn her life around and confinement will interrupt that growth.

(ECF No. 89 at 2.) Yet Defendant falls within criminal history category VI—the highest category in the Guidelines. The Court recognizes that Defendant's past crimes are mostly what one might call "user" crimes: possession of small amounts of controlled substances, shoplifting, attempted forgery of a check, and so forth. But their sheer number strongly suggests that they are not something she can simply turn away from if given a break now. Moreover, the offense with which she is currently charged is a distribution offense, and so represents a significant escalation in the seriousness of her criminal behavior. The Court understands Defendant's claim that she was trying to please the man she thought she loved, but that explanation falls far short of justifying a recommendation of such an extraordinarily lenient sentence of time served plus supervised release.

The Plea Agreement's recommended sentence fails on its face to satisfy the 18 U.S.C. § 3553(a) factors, particularly the need for the sentence to reflect the seriousness of the offense, in addition to providing adequate specific and general deterrence. The Plea Agreement, in its present form, is therefore not in the public interest, and the Court rejects it.

To be clear, the Court does not find that the Type A portion of the Plea Agreement, substituting the Information for the Indictment, to be against the public interest. Only the Type B portion is contrary to the public interest. Rule 11(c)(3)(B) suggests that the Court need not issue a decision rejecting Type B provisions, but can instead proceed to the sentencing hearing and simply announce its unwillingness to impose the recommended sentence. However, at the change-of-plea hearing, Defendant was unusually enthusiastic, describing herself as "extremely" satisfied with her attorney's representation, and further stating that "[t]his has all been actually the best experience." The Court therefore gained the sense that, although Defendant understands the Court is not bound by the recommended sentence, Defendant's decision to enter into the Plea Agreement was heavily influenced by the belief that the recommendation was a realistic sentencing possibility. It is not, and Defendant deserves to know that before any sentencing hearing.

## IV. EFFECT OF RULE 11(c)(5)

Rule 11(c)(5) states,

> If the court rejects a plea agreement containing provisions of [Type A or Type C], the court must do the following on the record and in open court (or, for good cause, in camera):
>
> (A) inform the parties that the court rejects the plea agreement;
>
> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
>
> (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Although the Court is not rejecting the Plea Agreement *because of* its Type A provision,

the Court is rejecting a Plea Agreement "containing" a Type A provision, and so the Court's decision appears to fall within the scope of the rule. Accordingly, the Court is prepared to convene the required hearing, but is also prepared to accept Defendant's waiver of that hearing if she believes this order, and her attorney's counsel regarding it, are sufficient.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Plea Agreement (ECF No. 76) is REJECTED as not in the public interest;

2. No later than **October 18, 2019**, Defendant shall file a notice stating whether she waives the hearing provided for in Rule 11(c)(5); and

3. No later than **November 12, 2019**, Defendant shall (a) submit to the Court a new or amended plea agreement, or (b) move for leave to withdraw her notice of disposition (ECF No. 62). If she does neither, the Court will go forward with sentencing on the open plea alone (*i.e.*, as if Defendant pleaded guilty to Count 1 of the Information without the benefit of the plea agreement).

Dated this 11th day of October, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge